# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| AETNA LIFE INSURANCE COMPANY,<br><br>       Petitioner,<br><br>v.<br><br>ARAMARK SERVICES, INC. f/k/a ARAMARK CORPORATION; ARAMARK SERVICES, INC. GROUP HEALTH PLAN; ARAMARK UNIFORM SERVICES GROUP HEALTH AND WELFARE PLAN; and ARAMARK BENEFITS COMPLIANCE REVIEW COMMITTEE,<br><br>       Respondents. | Civil Action No. 3:24-cv-272 |

## PETITION FOR ORDER TO COMPEL ARBITRATION

Petitioner Aetna Life Insurance Company ("Petitioner" or "Aetna") hereby petitions the Court to compel arbitration under the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* (the "FAA"), and in accordance with a governing agreement requiring arbitration. In support, Petitioner submits the following:

## BACKGROUND

1. Respondents Aramark Services, Inc. Group Health Plan and the Aramark Uniform Services Group Health and Welfare Plan (the "Plans") are health and welfare benefit plans sponsored by Respondent Aramark Services, Inc.

2. Respondents hired Petitioner to provide third party administrative ("TPA") services with respect to the Plans. That relationship is governed by a Master Services Agreement between Petitioner and Aramark Services, Inc.

3. The operative version of the Master Services Agreement (MSA-700141) between Petitioner and Aramark Services, Inc. has been in effect since January 1, 2018 (the "MSA").

4. In the MSA, Respondents expressly agreed that all controversies or claims "arising out of or relating to this Agreement or the breach, termination, or validity thereof, except for temporary, preliminary, or permanent injunctive relief or any other form of equitable relief, shall be settled by binding arbitration in Hartford, CT, administered by the American Arbitration Association ('AAA') and conducted by a sole arbitrator in accordance with the AAA's Commercial Arbitration Rules ('Rules')." MSA, ¶ 15 (the "Arbitration Provision").

5. On September 27, 2023, Respondents ignored their obligation to arbitrate such disputes in Connecticut and sued Petitioner in federal district court in the Eastern District of Texas. Respondents did so despite the fact that their claims in the dispute arise out of and/or relate to the MSA. On December 22, 2023, Respondents filed their First Amended Complaint in the Eastern District of Texas.

6. Having received the economic benefits of the MSA for years, Respondents cannot now repudiate their obligations under the same agreement.

7. Petitioner now respectfully petitions the Court for an Order, pursuant to section 4 of the FAA, 9 U.S.C. § 4, to compel Respondents to arbitrate this dispute with Petitioner.

8. In support of its Petition, Petitioner will also file a supporting Memorandum of Law, and a supporting Declaration of Peter Kocoras, attorney for Petitioner, with accompanying exhibit.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over the claims raised herein pursuant to 28 U.S.C. § 1331. The dispute underlying this Petition, i.e., the claims in Respondents' complaint in the Eastern District of Texas, arises under the laws of the United States. Specifically, Petitioner

seeks to compel arbitration of Respondents' claims for violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq.

12. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391. The FAA permits a party aggrieved by the failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration to petition a United States District Court for an order directing that such arbitration proceed in the manner provided in such agreement. The Arbitration Provision requires any arbitration to take place in Hartford, Connecticut, within this Court's jurisdiction.

## PARTIES

13. Petitioner Aetna is a Connecticut corporation with principal place of business at 151 Farmington Avenue, Hartford, Connecticut 06156.

14. Respondents Aramark Services, Inc. Group Health Plan and the Aramark Uniform Services Group Health and Welfare Plan are health and welfare benefit plans organized and operated under ERISA.

15. Respondent Aramark Services, Inc. is a Delaware corporation with its principal place of business in Philadelphia, Pennsylvania.

16. Respondent Aramark Benefits Compliance Review Committee is an entity established by Aramark Services, Inc. to act as administrator and fiduciary of the Plans.

## STATEMENT OF FACTS

17. Among other aspects of its business, Petitioner offers TPA services to health and welfare benefit plans. Petitioner uses its expertise to provide an array of administrative services and provider networks for ongoing administration of the Plans.

18. The parties entered into a Master Services Agreement, the previously defined MSA, which defines Petitioner's full scope of duties with respect to the Plans and Respondents' corresponding responsibilities. The MSA has been effective since January 1, 2018.

19. The MSA states that it is governed by Connecticut law. *See* MSA, ¶ 18(E).

20. As relevant here, Paragraph 15 of the MSA is titled "Binding Arbitration of Certain Disputes" (the "Arbitration Provision"). It states as follows:

> Any controversy or claim arising out of or relating to this Agreement or the breach, termination, or validity thereof, except for temporary, preliminary, or permanent injunctive relief or any other form of equitable relief, shall be settled by binding arbitration in Hartford, CT, administered by the American Arbitration Association ("AAA") and conducted by a sole arbitrator in accordance with the AAA's Commercial Arbitration Rules ("Rules"). The arbitration shall be governed by the Federal Arbitration Act, 9 U.S.C. §§ 1-16, to the exclusion of state laws inconsistent therewith or that would produce a different result, and judgment on the award rendered by the arbitrator may be entered by any court having jurisdiction thereof. Except as may be required by law or to the extent necessary in connection with a judicial challenge, or enforcement of an award, neither a party nor the arbitrator may disclose the existence, content, record or results of an arbitration. Fourteen (14) calendar days before the hearing, the parties will exchange and provide to the arbitrator (a) a list of witnesses they intend to call (including any experts) with a short description of the anticipated direct testimony of each witness and an estimate of the length thereof, and (b) pre-marked copies of all exhibits they intend to use at the hearing. Depositions for discovery purposes shall not be permitted. The arbitrator may award only monetary relief and is not empowered to award damages other than compensatory damages.

MSA, ¶ 15.

21. On September 27, 2023, Respondents sued Petitioner in the United States District Court for the Eastern District of Texas, Case No. 2:23-cv-00446-JRG (filed Sept. 27, 2023) (ECF No. 1, the "Complaint").

22. On December 22, 2023, Respondents filed their First Amended Complaint in the action in the Eastern District of Texas (ECF No. 4, the "First Amended Complaint"). A copy of the First Amended Complaint is annexed as Exhibit A to the Declaration of Peter Kocoras.

23. Respondents assert four claims under ERISA: (1) Breach of Fiduciary Duty (29 U.S.C. §§ 1132(a)(2), 1132(a)(3), 1104(a), and 1109(a)) for allegedly violating ERISA's duty of prudence and failing to comply with Plan documents; (2) Prohibited Transactions (29 U.S.C. §§ 1132(a)(2), 1132(a)(3), 1106(a)(1)(D), and 1109(a)) for allegedly approving and paying fraudulent or otherwise improper or uncovered claims to health care providers and other parties in interest; (3) Breach of Fiduciary Duty (29 U.S.C. §§ 1132(a)(2), 1132(a)(3), 1106(b)(1), and 1109(a)) for allegedly engaging in self-dealing; and (4) Prohibited Transactions (29 U.S.C. §§ 1132(a)(2), 1132(a)(3), 1106(b)(3), and 1109(a)) for allegedly approving and paying fraudulent or otherwise improper or uncovered claims to parties in interest. First Amended Complaint at pp. 26-30.

24. The dispute detailed in the First Amended Complaint under ERISA is within the scope of the Arbitration Provision because that provision applies to all disputes, "arising out of or relating to [the MSA] or the breach, termination, or validity thereof." Each of Respondents' ERISA claims arises from alleged wrongful acts taken by Petitioner when it was acting as TPA for the Plans under the MSA. Moreover, to the extent the provisions of ERISA apply to Petitioner, they only do so <u>because</u> the MSA makes Petitioner the claims administrator for the Plans.

25. Notwithstanding the clear terms of the MSA, Respondents brought their claims against Petitioner in federal district court.

26. The question of arbitrability must be resolved by the arbitrator in Hartford, Connecticut. The Arbitration Provision incorporates the AAA Commercial Rules of Arbitration. The AAA Commercial Rules, in turn, plainly commit the issue of arbitrability to the arbitrator:

> "The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement *or to **the arbitrability of any claim or counterclaim**.*" AAA Commercial Rule, R-7(a) (emphasis added).

27. Even if this Court were to decide the issue of arbitrability, it is clear that all claims in the First Amended Complaint arise out of the MSA, such that the parties have agreed to arbitrate those claims.

28. Petitioner is therefore filing this action through the instant Petition to enforce the Arbitration Provision, and to prevent Respondents from taking any action contrary to the Arbitration Provision.

29. Petitioner is also separately seeking a stay of all proceedings involving the First Amended Complaint in the District Court for the Eastern District of Texas, by application before that court, pursuant to Section 3 of the FAA, 9 U.S.C. § 3.

## **CLAIM FOR RELIEF**

### **COUNT I: ARBITRATION PURSUANT TO THE FEDERAL ARBITRATION ACT**

30. Petitioner incorporates by reference Paragraphs 1 through 29, above.

31. The FAA applies to the MSA as a matter of law and as expressly provided in the agreements.

32. Section 4 of the FAA, 9 U.S.C. § 4, provides Petitioner a cause of action to compel Respondents to resolve the dispute with Petitioner through arbitration. Section 4 of the FAA, 9 U.S.C. § 4, provides in relevant part:

> A party aggrieved by the alleged failure, neglect or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the

controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

33. Petitioner has been aggrieved by Respondents' refusal to arbitrate under a written agreement for arbitration and, save for the arbitration agreement, the Court has jurisdiction under Title 28 of the U.S. Code, Section 1331.

34. The Arbitration Provision constitutes written agreements that are valid and enforceable under the FAA. Section 2 of the FAA, 9 U.S.C. § 2, provides in relevant part:

> A … contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

35. The Arbitration Provision is a written provision in a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising under or relating to the MSA.

36. The Arbitration Provision is valid, irrevocable, and enforceable.

37. The Arbitration Provision applies to all claims asserted by Respondents in their First Amended Complaint.

38. The Arbitration Provision contractually requires Respondents to submit all disputes, "arising out of or relating to this Agreement or the breach, termination, or validity thereof" to "be settled by binding arbitration in Hartford, CT" "except for temporary, preliminary, or permanent injunctive relief or any other form of equitable relief." MSA, ¶ 15.

39. The claims set out in the First Amended Complaint arise out of the MSA and therefore fall within the scope of the Arbitration Provision.

40. Nevertheless, Respondents have disregarded their contractual obligations to

arbitrate the claims asserted in the First Amended Complaint by initiating a proceeding to litigate those claims in the Eastern District of Texas.

41. The Court should enter an Order compelling Respondents to arbitrate all claims raised or that could be raised in the First Amended Complaint.

WHEREFORE, Petitioner requests that the Court order the following relief:

1. An Order, pursuant to Section 4 of the FAA, 9 U.S.C. § 4, compelling Respondents to pursue in arbitration any dispute with Petitioner relating to the claims in the First Amended Complaint; and

2. Any further relief the Court deems necessary.

Dated this 28th day of February, 2024

                        Respectfully submitted,

                        **ROBINSON & COLE LLP**

                        /s/ *Theodore J. Tucci*
                        Theodore J. Tucci (ct05249)
                        Kevin P. Daly (ct30380)
                        280 Trumbull Street
                        Hartford, CT 06103
                        (860) 275-8210
                        ttucci@rc.com
                        kdaly@rc.com

                        THOMPSON HINE LLP
                        Peter J. Kocoras
                        (*pro hac vice* application forthcoming)
                        Peter.Kocoras@ThompsonHine.com
                        Gregory H. Berman
                        (*pro hac vice* application forthcoming)
                        Gregory.Berman@thompsonhine.com
                        20 North Clark Street, Suite 3200
                        Chicago, Illinois 60602
                        (312) 998-4241

HUNTON ANDREWS KURTH LLP
John B. Shely
(*pro hac vice* application forthcoming)
jshely@HuntonAK.com
M. Katherine Strahan
(*pro hac vice application* forthcoming)
kstrahan@HuntonAK.com
David W. Hughes
(*pro hac vice application* forthcoming)
DHughes@HuntonAK.com
600 Travis, Suite 4200
Houston, Texas 77002
(713) 220-4200

*Attorneys for Petitioner*
*Aetna Life Insurance Company*